Allen, J.
 

 The charge against the Ohio Traction Company was assessed by the county commissioners of Hamilton county under the authority of the latter part of Section 6956, G-eneral Code, which reads as follows:
 

 “Whenever a road or street is' improved where a street or interurban or other railroad or railway lies within the improved portion of the roadway, such railroad or railway, grade shall in all respects be changed to meet the approval of the county surveyor unless otherwise provided for in the grant or franchise, by virtue of which such railway .operates on or occupies such highway, and costs of such change of grade be paid by such company under the law or by the terms of its franchise or grant, shall be a lien upon the property of such company and the proper authorities may provide for the payment, of the amount chargeable against said company under the law or by the terms of its franchise or grant, in installments as in the case of other property owners, and such installments shall bear interest as in other cases, and the board of county commissioners or other authorities may issue bonds in anticipation of the collection of said installments.”
 

 The record shows that the commissioners proceeded under this statute, and not under the statutés with reference to assessment for benefits. The grade of Inter-County Highway No. 43, known as the Carthage-Hamilton pike, lying within the limits of the village of Wyoming, was lowered, and the tracks of the interurban railway lying within such improved portion of the roadway were lowered in order to conform to the change of grade. Although repeatedly notified to do
 
 *450
 
 so, the Ohio Traction Company failed to proceed with this lowering of the tracks, and the county commissioners themselves took bids, let a separate contract for the lowering and reconstruction of the tracks, and assessed the cost thereof against the Ohio Yalley Traction Company, to be paid in ten annual installments, and issued bonds in anticipation of such assessment.
 

 The record shows, in the statement of George M. Lemmel, deputy county surveyor, which was admitted without objection, that the following was the cost of the work:
 

 “The contract awarded June 3, 1919, by the county of Hamilton to Joseph A. Byrnes comprehended the laying of a double street railroad track from the south line of Wyoming for a distance of 7,250 feet north. The items included and the amount actually paid for each are:
 

 Grading ............................. $10,543.00
 

 Track laying.......................... 32,552.50
 

 Joints ............................... 1,452.00
 

 Extra rails........................... 752.50
 

 Under-drainage ...................... 3,680.75
 

 Concrete ............................. 44,966.74
 

 Track inlets as per plan................ 480.00
 

 Total ............................ $94,405.49”
 

 The Court of Appeals retained the items for grading, for concrete foundations, and part of the cost of track laying. Lemmel found that the total cost of labor for track laying was $15,054.19. The Court of Appeals deducted from the item of track laying $17,-498.31 for new ties, new braces, new rails, spikes, shim plates, fish plates, bolts, and cross-overs, and rendered judgment assessing the cost of excavation, labor on the laying of track, and the cost of the new concrete foundation, to the amount of $70,563.93. The court held that the supplying of new material to the Ohio
 
 *451
 
 Traction Company was illegal because it constituted a loaning of credit in violation of Section 6 of Article VIII of the Constitution of Ohio, which provides:
 

 “No laws shall be passed authorizing any county, city, town or township, by vote of its citizens, or otherwise, to become a stockholder in any joint stock company, corporation, or association whatever; or to raise money for, or to loan its credit to, or in aid of, any such company, corporation, or association.”
 

 The constitutionality of Section 6956, General Code, is not attacked. If that statute were not constitutional, a traction company or railroad which refused to comply with the order as to lowering the tracks might completely block a road improvement and leave the county powerless.
 

 We have here not an assessment for benefits, but an assessment for the cost of the change of grade, and this for a change of grade upon a public right of way. The case is strongly differentiated from the case of
 
 City of Cincinnati
 
 v.
 
 Harth,
 
 101 Ohio St., 344, 128 N. E., 263,13 A. L. R., 308, because in that case the voluntary furnishing of new construction by the city was enjoined. The
 
 Earth case
 
 involved a totally different statute, namely, Sections 3812-2 and 3812-3, General Code (108 Ohio Laws, 215). In the instant case the county proceeded under Section 6956, General Code, after having, been compelled to incur expense in order that it might proceed with its public improvement. It is admitted that the county commissioners notified the company to lower its tracks, and that it failed to do so. The county now is endeavoring to recovér the expense incurred in the improvement of a public highway from the private corporation which was under an obligation to relay the tracks. It is not claimed that any statutory provision was violated in the various proceedings. The Court of Appeals heard the evidence and eliminated from the claim of the county the cost of furnishing all materials and labor which
 
 *452
 
 became the property of the railroad as such, and charged the company only with the cost of lowering the tracks to conform to the grade of the public highway. We see no error in the judgment, and it is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.